**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    MATTHEW MARTIN HECKER,

2.    BOYD ETHAN WILKINSON,

        Defendants.

Criminal No. 11-329 (RHK/TNL)

**PRELIMINARY ORDER OF FORFEITURE**

_____

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Plea Agreements entered into between the United States and Defendants Matthew Martin Hecker and Boyd Ethan Wilkinson; on the Court having found that certain property is subject to forfeiture pursuant to 21 U.S.C. § 853; and on the Court's determination that, based on the Plea Agreements entered into by the Defendants and based on all of the files and records of this proceeding, the Government has established the requisite nexus between such property and the offenses to which the Defendants have pled guilty,

    **IT IS HEREBY ORDERED** that:

    1.    The Motion of the United States for a Preliminary Order of Forfeiture (Doc. No. 93) is **GRANTED**;

    2.    The following property is forfeited to the United

States pursuant to 21 U.S.C. § 853:

    a.    $2,600.00 in United States Currency seized from Matthew Martin Hecker;

    b.    an iPad 2 with serial number DN6FNGRDDFJ3 and an IMEI number of 01-267000-325338-8 seized from Matthew Martin Hecker;

    c.    $13,994.00 in United States currency seized from Boyd Ethan Wilkinson; and

    d.    an iPad 2 computer device seized from Boyd Ethan Wilkinson;

3.    The Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4.    The United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6.    Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified

2

within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

    7.   This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).


Dated: February 9, 2012

                                        s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge